UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYLYN V. ROBINSON,<br><br>                              Plaintiff,<br><br>-against-<br><br>KINGS COUNTY HOSPITAL CENTER HEALTH & HOSPITALS; ACCESS STAFFING LLC,<br><br>                              Defendants. | 24-CV-7899 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in New Jersey, brings this action *pro se*. Plaintiff asserts claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and state and local law. Plaintiff sues Kings County Hospital Center, located in Kings County, New York, and Access Staffing, LLC, located in Suffolk County, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

The general venue statute applies to claims under the ADEA. Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).[1]

Defendants are located in Kings and Suffolk Counties, both of which are in the Eastern District of New York. 28 U.S.C. § 112(c). Venue of Plaintiff's ADEA claims does not appear to be proper in this district under Section 1391(b)(1) based on the residence of Defendants because, although both Defendants reside in New York, there are no facts suggesting that either Defendant resides in this district. Venue of Plaintiff's ADEA claims also does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred. Plaintiff's ADEA claims are alleged to have arisen at her place of employment at Kings County Hospital in Kings County, outside this district. It is therefore not clear that venue of Plaintiff's ADEA claims is proper in this district.

The Eastern District of New York, by contrast, is a proper venue for all of Plaintiff's federal claims. Venue of the ADEA claims is proper in the Eastern District of New York based on both the residence of Defendants, § 1391(b)(1), and the place where the events giving rise to the claim occurred, § 1391(b)(2). Venue of Plaintiff's ADA claim is proper in any district in New

---

[1] By contrast, the ADA incorporates the venue provision from Title VII of the Civil Rights Act, which provides for venue in:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such [a claim] may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3); *Martinez v. Bloomberg LP*, 740 F.3d 211, 228 (2d Cir. 2014) (("[T]he ADA incorporates Title VII of the Civil Rights Act's special venue provision . . . .").

York, including the Eastern District of New York, because New York is the State where the unlawful employment practice allegedly occurred. 42 U.S.C. § 2000e-5(f)(3).

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer to the Eastern District of New York under Section 1404(a) appears to be appropriate in this case. The events underlying Plaintiff's claims occurred in Kings County, and all Defendants reside in the Eastern District of New York. Moreover, Plaintiff's choice of this district is entitled to less deference because she does not reside in the chosen forum and her claims did not arise here. It is also reasonable to expect that relevant witnesses would be in the Eastern District of New York. Accordingly, the Eastern District of New York appears to be a more convenient forum, and the Court transfers this action to the United States District Court for

3

the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 18, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge